# IN THE SUPREME COURT OF IOWA

No. 22–0771

Submitted October 10, 2023—Filed February 9, 2024

**STATE OF IOWA,**

    Appellee,

vs.

**B.C.D.,**

    Appellant.

---

Appeal from the Iowa District Court for Scott County, Christine Dalton, District Associate Judge.

The defendant appeals a restitution order for pecuniary damages entered after the court had already dismissed and expunged all charges on completion of a deferred judgment. **WRIT OF CERTIORARI GRANTED; WRIT SUSTAINED.**

Per curiam.

Richard Hollis, Des Moines, for appellant.

Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

**PER CURIAM.**

The defendant in this appeal, whom we'll refer to as "B.D.", and a codefendant, "T.J."—whose appeal we also decided today in *State v. T.J.W.*, ___ N.W.3d ___ (Iowa 2024)—pleaded guilty to criminal mischief in the fourth degree under Iowa Code § 716.6 (2020) after vandalizing two cars. In August 2021, the district associate court granted both defendants a deferred judgment, placing each on unsupervised probation for one year and ordering each to pay a $315 civil penalty. The court's order stated that pecuniary damages were unknown at the time and that "[a] hearing will be set to determine [the] full amount of restitution to be imposed as a condition of probation." The order set a review hearing on the deferred judgments for February 2022.

The court thereafter set a hearing for October 28, 2021, to determine the amount of restitution in each case. It later continued the hearing to December 9. The record is silent about whether a restitution hearing actually occurred on December 9 or, if it didn't, why it didn't. Regardless, the court entered no restitution order at that time.

On the morning of February 15, 2022, the court held its previously scheduled deferred judgment review hearing for both cases. We have no transcript from the hearing. The court entered an order in each case that stated:

> Defendant has completed all terms and conditions of the [d]eferred [j]udgment. It is hereby ordered that the charge(s) should now be dismissed and expunged. All dismissed related charges shall now also be expunged. Defendant is hereby advised that the case will not be expunged until all monies owing have been paid in full.

(Emphasis omitted.) Both orders were filed at 1:32 p.m.

The court then filed separate orders scheduling a restitution hearing for March 24 for both cases. The order for T.J.'s case was filed at 3:39 p.m. and the order for B.D.'s case was filed at 3:40 p.m. That hearing was held as scheduled.

On April 8, the court entered a single order finding B.D. and T.J. jointly and severally liable for payment of $6,067.44 in restitution to a named victim. Both B.D. and T.J. appealed.

Because a defendant has no right of appeal from a restitution order imposed as part of a deferred judgment, *State v. Patterson,* 984 N.W.2d 449, 454 (Iowa 2023), we ordered the parties to brief whether another path—certiorari or discretionary review—permits appellate review in these cases. *See* Iowa R. App. P. 6.108. For the reasons explained today in *T.J.W.*, ___ N.W.3d ___, we conclude that a writ of certiorari is the appropriate form of review for B.D.'s challenge to the restitution order in this case.

B.D. argues that the court lacked jurisdiction and authority to enter the April 8 restitution order because, by that time, the court had already dismissed and expunged the lone charge against her. The State, in response, argues that the court's dismissal and expungement of the criminal charge in the February 15 order was conditioned on paying restitution, and it alternatively argues that we should affirm because the court's failure to order restitution before dismissing would amount to an illegal sentence.

For the reasons explained in *T.J.W.*, ___ N.W.3d ___, we hold that the court lacked jurisdiction to enter the April 8 restitution order after it had already dismissed and expunged the charge against B.D., and that the State failed to establish its illegal sentence claim. We thus grant the writ of certiorari and vacate the restitution order.

**WRIT OF CERTIORARI GRANTED; WRIT SUSTAINED.**

This opinion shall not be published.